IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr., | Case No. 0:23-cv-1538-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Warden Terry Wallace, *et seq.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 26) recommending that the Court dismiss Defendants Wallace, Spikes, Level, and Jones from this action. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses the above cited Defendants.

## I. Background and Relevant Facts

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 alleging violations of his constitutional rights. Plaintiff brings allegations regarding incidents which occurred while Plaintiff was housed at SCDC's Kirkland Correction Institution from July 2021 to May 2022. (Dkt. No. 26 at 2-4).

On August 16, 2023, the Magistrate Judge issued an R&R recommending Defendants Wallace, Spikes, Level, and Jones be dismissed from this action. (Dkt. No. 26). The Magistrate Judge also recommended dismissing Plaintiff's §§ 1985 and 1986 claims and Plaintiff's claims for injunctive relief. (*Id.* at 6-7). Plaintiff did not file objections to the R&R.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants Wallace, Spikes, Level, and Jones should be dismissed from this action and Plaintiff's claims under §§ 1985 and 1986, and for injunctive relief be dismissed. (Dkt. No. 26 at 6-10).

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 26) as the order of Court and **DISMISSES** Plaintiff's claims against Wallace, Spikes, Jones, and Level and Plaintiff's claims under §§ 1985 and 1986, and for injunctive relief.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

September 6, 2023
Charleston, South Carolina