IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little,<br><br>        Plaintiff,<br>  v.<br><br>Correctional Office Bostic; Correctional Officer Spivey<br><br>        Defendants. | Case No.0:23-cv-1538-RMG<br><br>**ORDER** |

    Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendant Bostic's motion for summary judgment should be granted for failure to exhaust administrative remedies and that the claims against Defendant Spivey should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve the complaint. (Dkt. No. 191). The Magistrate Judge advised Plaintiff he had 14 days to file written objections to the R & R, and a failure to file written objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id.* at 8). Plaintiff filed no objections to the R & R.

    **I.**    **Legal Standard**

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.    Discussion

Plaintiff, a self-represented state prisoner, brought claims against Defendant Bostic alleging that in or around October 1, 2021 he was assaulted by another inmate and Defendant Bostic failed to protect him or provide him medical treatment. Defendant Bostic moved for summary judgment on the basis that Plaintiff had failed to comply with the Department of Corrections' grievance procedure and, thus, had not exhausted his administrative remedies. The Magistrate Judge carefully reviewed the evidence relating to the motion for failure to exhaust administrative remedies and concluded that Plaintiff had not completed Step 1 of the grievance procedure and, consequently, Defendant Bostic was entitled to summary judgment. (Dkt. No. 191 at 6). The Magistrate Judge further concluded that the claims against Defendant Spivey should be dismissed for failure to timely serve the complaint on Defendant Spivey, pursuant to Rule 4(m).

The Court finds that the Magistrate Judge able addressed the factual and legal issues in this matter and correctly concluded that Defendant Bostic's motion for summary judgment should be granted and that the claims against Defendant Spivey should be dismissed without prejudice pursuant to Rule 4(m).

### III.   Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 191) as the Order of the Court, **GRANTS** summary judgment to Defendant Bostic, and **DISMISSES** the claims against Defendant Spivey without prejudice.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel<br>
Richard Mark Gergel<br>
United States District Judge

January 13, 2025
Charleston, South Carolina